## Tillson, *petitioner, vs.* Bowley.

When a month, is referred to, in legal proceedings, it will be understood to be of the current year, unless, from the connexion, it is apparent that another is intended.

Therefore where the complainant, in a bastardy process, alleged that the child of which she was then pregnant was begotten on or about a certain day in *April*, without saying in what year, this was held to refer to the *April*, next preceding.

Where the complainant, in such case, said, in the time of her travail, that the child was *P. T's.* or not any one's, this was held a sufficient accusation, within the meaning of *Stat.* 1821, *ch.* 72, *sec.* 1.

The complainant is not bound to answer the question whether she has had intercourse with another man who might have been the father of the child.

THE petitioner applied to this Court for a writ of *certiorari*, to quash a record of the Court of Common Pleas in a bastardy process, in which a judgment of filiation had been rendered against him. And a copy of the record being produced, it appeared that *Mary Bowley* had charged him before a magistrate with being the father of a child with which she was then pregnant, which, she said, was begotten " on or about the eleventh day of *April*," without saying in what year ; the complaint bearing date *Nov.* 7, 1829. It further appeared that her mother, *Jane Bowley,* was offered as a witness at the trial ; but was objected to, on the ground that her husband, being liable by law to support his daughter and her child, was interested in procuring a judgment against the putative father. This objection was overruled ; and the mother testified that having asked her daughter, during the time of her travail, who was the father of the child, she replied that it was " *Perez Tilson's* or not any body's." The complainant herself being admitted as a witness, was asked by the respondent whether, about the time charged in the complaint, she had intercourse with any other man, by whom the child might have been begotten. To this question her counsel objected ; and the presiding Judge ruled, that she was not bound to answer it, but might, if she would. And being instructed by her counsel, she did not answer the question.—To all which the respondent took exceptions.

Tillson *v.* Bowley.

*W. Crosby*, for the petitioner, to the point that the accusation did not amount to a positive charge, and was therefore insufficient, cited *Commonwealth v. Cole*, 5 *Mass.* 517. And to the propriety of the question propounded to the complainant, and her obligation to answer it, he cited 1 *Stark. Ev.* 147, *note* 1 ; *Commonwealth v. Moore*, 3 *Pick.* 194, *Swift's Ev.* 80.

*Thayer*, for the original complainant.

WESTON J. delivered the opinion of the Court.

*Jane Bowley* was a competent witness. Her husband had no interest in the event of the prosecution ; and this point is not pressed by the counsel for, the respondent.

The examination of the complainant before the justice, was made in *November*. She was then pregnant. She stated that the child was begotten in *April.* It was impossible to mistake what *April* was intended. When a month is referred to, it will be understood to be of the current year, unless, from the connexion, it is apparent that another is intended. But in the present case, from the nature of the complaint, no other could possibly be understood.

The terms in which the complainant charged the respondent, in the time of her travail, were sufficiently positive. They clearly conveyed the idea not only that he was the father, but that no other person could be. That this declaration was made in the time of her travail, is well established from the testimony.

The complainant could not be held to answer a question admitting or accusing herself of an offence, which by our law may be criminally prosecuted.

<div align="right">

*Certiorari denied.*