CHICAGO AND SOUTHEASTERN RAILWAY COMPANY *v.*
YAWGER.

[No. 2,869.    Filed Jan. 23, 1900.    Rehearing denied April 3, 1900.]

APPEAL AND ERROR.—*Overruling Demurrer to Complaint.—Special
Finding.*—Overruling a demurrer to a complaint is not available
error, where there is a special finding of facts and a correct state-
ment of the law upon the facts found.  *p. 460.*

SPECIAL FINDING.—*Contracts.*—A special finding that on a certain
date plaintiff and defendant " entered into, executed and mutually
delivered one to the other the following contract in writing, to wit,"
followed with a copy of the contract, must be considered as a finding
that a contract was made, and as stating the terms of the contract.
*p. 462.*

CONTRACTS.—*Construction.*—A contract entered into, by the terms of
which plaintiff was to do certain specified work on defendant's rail-
road, which it was then building between certain points, presup-
poses that the right of way was furnished by defendant.  *pp. 462, 463.*

SAME.—*Breach.—Measure of Damages.—Work and Labor.*—Where a
party employed to do work is prevented by the employer from per-
forming it, the clear, certain and usual profit arising from the per-
formance of such work is a proper subject of damages.  *p. 463.*

FORMER ADJUDICATION.—*Work and Labor.—Damages.—Contracts.*—
A suit to recover for work and labor actually performed in the con-
struction of a railroad will not amount to an adjudication of an
action for damages for breach of the contract on the part of defend-
ant in failing to procure the right of way upon which plaintiff could
complete the construction of the road.  *pp. 463, 464.*

From the Henry Circuit Court.  *Affirmed.*

*W. R. Crawford, U. C. Stover* and *W. H. Wajdowski,* for
appellant.

*J. W. Lovett* and *F. E. Holloway,* for appellee.

ROBINSON, J.—Overruling a demurrer to the complaint
is not available error, if there is a special finding of the
facts, and there is a correct statement of the law upon the
facts found.  *Louisville, etc., R. Co.* v. *Downey,* 18 Ind.
App. 140; *Woodward* v. *Mitchell,* 140 Ind. 406.

The facts show that on April 15, 1894, appellee con-
tracted in writing with appellant to do the clearing, grub-

bing, grading, and timber work on the extension which appellant was then building between Anderson and Muncie, and to have the same completed on or before June 15th, for a stipulated consideration; that appellee entered upon the execution of the work, and, in performance of the contract, graded and built——miles of work, the first six miles extending east from Anderson being constructed by another contractor; that appellee constructed the work up to and within five miles of the city of Muncie on May 28, 1894; that he was ready, willing, and able to complete his contract, and so continued until and including June 15th; that appellant failed, neglected, and refused to perform its part of the contract, and refused, on May 25th and continuously thenceforward, to procure in any way the right of way for the work from thence on to Muncie; that, by reason of such failure, appellee was compelled to keep his force of hands, teams, tools, and machinery upon the work, and was compelled to and did keep them in idleness, from May 28th to June 15th, and was prevented from performing any part of such work for the distance of five and one-half miles; that had appellant procured the right of way, and permitted appellee to finish the work, he would have received by the contract $6,080.03; that it would have cost appellee $4,545.03; that, by reason of appellant's failure to procure such right of way and the consequent preventing of appellee from doing the work, he was damaged $1,535; that from the execution of the contract, continuously up to July 2, 1894, appellee was at all times ready, willing, and able to perform the contract, and would have done so within the period specified, had he not been prevented from so doing by appellant's failure to obtain the right of way; that at the May term, 1894, of the circuit court of the United States for the district of Indiana, and after May 28, 1894, appellee brought suit to recover and foreclose a mechanic's lien upon the railroad for the amount and value of the work actually performed, amounting to $4,470; that he there

obtained a judgment for that sum, and decree foreclosing a mechanic's lien therefor upon the line of such extension; that in that action there were no averments of or claim for damages for appellant's failure to perform its contract in any way whatever, and no question of that kind was averred, litigated, or determined in that cause, and the only question litigated and determined therein was the amount of the work actually done and the question of mechanic's lien. Upon these facts was stated a conclusion of law in appellee's favor for $1,535.

The contract provides that appellant should complete the work on or before June 15th, but no year is named. Taking the contract as a whole, and the nature and extent of the work to be done, we think the only reasonable construction that can be given the expression is that the parties intended the 15th day of June next following April 15, 1894, the date of the contract. *Hedderich* v. *State*, 101 Ind. 564, 51 Am. Rep. 768; *Tillson* v. *Bowley*, 8 Me. 163; *Grosvenor* v. *Magill*, 37 Ill. 239.

The findings show that on a certain date appellant and appellee "entered into, executed, and mutually delivered one to the other, the following contract in writing, to wit," followed with a copy of the contract. This must be considered as a finding that a contract was made, and as stating the terms of the contract. *Faurote* v. *State*, 123 Ind. 6. There is no express finding that appellant was required, by the contract, to furnish appellee any right of way, and it is argued that this is a failure to find an essential fact.

The general rule is well settled that every fact essential to a plaintiff's recovery must be stated in a special finding in order to sustain a judgment in his favor. But the finding shows that a contract was entered into by the terms of which appellee was to do certain specified work on the road which appellant was then building between certain points. The contract was not that appellee should build a road for appellant between the points named, and receive a specified sum for it, but that he was to do work on a road appellant

was then building. The contract necessarily presupposes that the right of way was furnished by appellant, who was building the road, and who had contracted with appellee to do certain work which is particularly specified in the contract. Upon some questions the evidence is conflicting, but we can not weigh it to determine where the preponderance lies. The record contains evidence to support the finding.

Remote, contingent, uncertain, and speculative profits are not proper elements of damages, but the rule has been declared in this State that "where a party employed to do work is prevented from doing it and thereby deprived of the clear and certain and usual profit arising upon such work, that is a proper subject of damages." *Niagara Ins. Co.* v. *Greene,* 77 Ind. 590; *Fultz* v. *Wycoff,* 25 Ind. 321; *Frenzel* v. *Miller,* 37 Ind. 1, 10 Am. Rep. 62; *City of Logansport* v. *Justice,* 74 Ind. 378, 39 Am. Rep. 79; *Jackson* v. *Stanfield,* 137 Ind. 592, 23 L. R. A. 588.

The findings show that the former suit in the federal court was to recover for work that had actually been done up to that time. It was in no sense an adjudication of the question now under consideration.

Where there is an indivisible, entire contract, a party will not be permitted, in successive suits, to present claims which might have been litigated and determined when the first suit was brought. This rule has been thus stated: "Where the action is upon a contract, it merges all amounts due under or arising out of the contract, prior to the suit. They constitute a single, indivisible demand. Freeman on Judg. §240.

This rule is illustrated in *Richardson* v. *Eagle Machine Works,* 78 Ind. 422, 41 Am. Rep. 584, where a party employed for a year at a stated monthly salary was discharged, and brought suit and recovered a judgment for wages already earned, and also for the two months' wages since his discharge up to the bringing of the suit; and it was held that such suit barred a subsequent suit for damages for breach of the contract or for further wages, upon the ground

that the amount recovered in the former action as wages for the two months after the discharge was, in legal contemplation, damages, and not, in any proper sense, wages; that is, he had already prosecuted to judgment an action for a breach of the contract, and in that action had exhausted his remedy. It is readily seen that this principle has no application in the case at bar.

The general rule above announced can have no application unless the contract is entire and indivisible in its nature. It can not be said that, where the consideration for a contract is payable in instalments, the party might not sue for an instalment past due, and the contract still continue in force. If there was afterwards a breach of the contract, the party could certainly bring his action. The suit in the federal court was brought upon a separate and independent stipulation of the contract, which had been broken when that suit was brought. In such case, the presumption would be that all claims then matured, and which might have been included in the action when commenced, were merged in the judgment. Appellee now sues for a breach of the contract not in any way connected with the former suit. We find no error in the record.

Judgment affirmed.