(March 27, 1926.)

WILLIAM EARL ELSON and LULU F. ELSON, Husband
and Wife, Appellants, v. WILLIAM JONES, Respond-
ent.

[245 Pac. 95.]

CONTRACTS—DEPENDENCE OR INDEPENDENCE OF COVENANTS—VENDOR AND
    PURCHASER—TENDER OF PERFORMANCE—PLEADING—INSTRUCTIONS.

1. Precedency of covenants is usually determined by ascertain-
ing intent of parties as shown by contract.

2. Dependence or independence of covenants must be collected
from evident sense and meaning of parties, and however trans-
posed they may be in deed their precedency must depend on order
of time in which intent of transaction requires their performance.

3. "Condition precedent" of contract is one which calls for
performance of some act after contract is entered into, and on
performance of which its obligations are made to depend.

4. Where purchaser on contract later sold premises on similar
contract, agreeing to make payment due on original contract before
payments became due on second contract, such agreement was in
nature of encumbrance and was covenant precedent to future pay-
ments by later purchaser, precluding necessity of tender of perform-
ance by later purchaser on failure to make such payment.

5. Where an adversary has defaulted in precedent covenant, it
is not necessary to allege tender of performance or ability to
perform.

6. If vendor is unable to perform at time performance is required of him, tender of performance by purchaser is not required.

7. In action by purchaser on contract to recover payments alleged due on similar contract of sale with defendant, cross-complaint setting out two contracts and alleging payment to be made by plaintiff on original contract before any payments became due on later contract and failure of plaintiff to make such payment states cause of action for return of purchase money paid thereunder.

8. Where answer to cross-complaint in action by purchaser on contract to recover alleged payments in later similar contract admitted service of notice of forfeiture by original vendor, admitting notice of forfeiture in evidence was not prejudicial, whether it was sufficiently identified or not.

9. Where purchaser on contract later sold premises on similar contract, agreeing to make certain payments under original contract, an instruction, in action by purchaser for alleged payments due under later contract, that if original vendor offered to extend time of payments and permit defendant to keep possession defendant could not urge, as defense for his own default, default of plaintiff, was properly refused where it was not clear whether offer pertained to payments due by defendant or by plaintiff on original contract.

10. Where purchaser on contract later sold premises on similar contract, agreeing to make certain payments on original contract, instruction, relative to later purchaser's defense for not making payments due, that plaintiff had defaulted in payments, that such defense would not apply if there was oral agreement between plaintiffs and original vendor extending payments, held more than favorable to plaintiff, where it was not clear whether additional time was to be given to plaintiff's or defendant's payments.

11. Verdict of jury, founded on sufficient evidence, where the evidence is conflicting, will not be disturbed on appeal.

Publisher's Note.
2. See 27 R. C. L. 454.
3. See 6 R. C. L. 904.
6. See 26 R. C. L. 626.

See Appeal and Error, 4 C. J., sec. 2834, p. 852, n. 56; sec. 2836, p. 858, n. 3; sec. 2890, p. 918, n. 42; sec. 2958, p. 980, n. 32.

Contracts, 13 C. J., sec. 532, p. 564, n. 77; p. 565, n. 78; sec. 539, p. 568, n. 12, 13; p. 569, n. 14, 15, 16; sec. 540, p. 570, n. 28; sec. 848, p. 726, n. 26; sec. 849, p. 726, n. 29.

Vendor and Purchaser, 39 Cyc., p. 1331, n. 91; p. 1562, n. 54; p. 1964, n. 61 New; p. 1977, n. 65.

APPEAL from the District Court of the Eleventh Judicial District, for Jerome County. Hon. T. Bailey Lee, Judge.

Action by appellants to collect the sum of $3,500, together with interest on a contract to sell certain real property. Judgment for defendant. *Affirmed.*

E. R. Dampier and Harmon E. Hosier, for Appellants.

The cross-complaint does not state a cause of action against plaintiff for the reason that it does not allege that defendant had offered and was able to place the plaintiff in the position he occupied at the time of entering into the contract of sale between himself and defendant, and no action will therefore lie for the return of the purchase money paid by defendant to plaintiff. (*Chamberlain v. Ivens,* 36 Ida. 235, 210 Pac. 580.)

The court failed to properly instruct the jury when it refused to give plaintiffs' requested instruction heretofore set out in the specifications of errors. (*McClintock v. South Penn Oil Co.,* 146 Pa. 144, 28 Am. St. 785, 789, 23 Atl. 211.)

When cross-complaint failed to allege the payment or tender of the deferred payment and demand of conveyance or refusal on part of vendor to convey, it is bad on demurrer. (*Townsend v. Tufts,* 95 Cal. 257, 29 Am. St. 107, 30 Pac. 528.)

When the purchaser of land refuses to fulfill the terms of the contract of purchase, not stating any default of the vendor as a reason therefor, but only his own inability to make payments, he is not entitled to a refund of any part of the purchase money paid. (*Lemle v. Barry,* 181 Cal. 6, 183 Pac. 148.)

Walters & Barry, for Respondent.

Defendant's cross-complaint states a cause of action. Covenants of parties were "precedent covenants" and "subsequent covenants." (*Ernst v. Cummings,* 55 Cal. 179; *Reindle v. Heath,* 115 Wis. 219, 91 N. W. 734;

*Goodwin v. Lynn,* 10 Fed. Cas. No. 5553; *McCormick v. Badham,* 191 Ala. 339, 67 So. 609; *Gail v. Gail,* 127 App. Div. 892, 112 N. Y. Supp. 96; 5 Page on Contracts, 2d ed., pp. 5205, 5209, 5211.)

Where adversary has defaulted in performance of "precedent covenant" it is not necessary to allege tender of performance or ability to perform. (5 Page on Contracts, 2d ed., p. 5228; 5 Cal. Jur., p. 400, sec. 239; 3 Elliott on Contracts, pp. 200, 227, secs. 2025, 2044; 6 Page on Contracts, 2d ed., p. 5727, sec. 3250; *Spalding v. Coeur d'Alene R. & N. Co.,* 5 Ida. 528, 51 Pac. 408; *San Diego Construction Co. v. Mannix,* 175 Cal. 548, 166 Pac. 325; *National Pacific Oil Co. v. Watson,* 184 Cal. 216, 193 Pac. 133.)

GIVENS, J.—On December 28, 1918, Edward Reynolds and wife contracted to sell certain real property to William Earl Elson and wife, appellants, on an instalment contract, the payment involved in this action being $3,000 due on or before December 28, 1920. On October 25, 1920, appellants contracted to sell the same premises to William Jones, respondent, on a similar contract, respondent to assume the payments under the Reynolds-Elson contract in so far as it concerned payments due after January 1, 1921. Appellants were obligated, but failed to make the payment of $3,000 due Reynolds December 28, 1920, and respondent thereafter failed to pay appellants the $3,500 due January 1, 1922, under the Elson-Jones contract, upon which this action was brought. On January 7, 1922, the payment of December 28, 1920, not having been made, notice was served upon appellants of a forfeiture of the contract and respondent was given notice to vacate the premises, which he did. Respondent as a justification for his failure to make the $3,500 payment due appellants January 1, 1922, by cross-complaint set up the failure of appellants to make the payment due Reynolds, the forfeiture of the contract and asked damages in the sum of $10,000 by way of a return of the purchase price paid to appellants and Reynolds. The jury

found in favor of respondent, allowing him a recovery of $8,000, the amount paid by him to appellants.

Appellants specify as error: that the cross-complaint does not state a cause of action; that the verdict is contrary to the evidence; that the court erred in admitting certain evidence, and in refusing to give appellants' requested instruction.

[1, 2] Appellants urge that respondent's cross-complaint does not state a cause of action, for the reason that it does not allege that respondent had offered or was able to place the appellants *in statu quo* and that no action will therefore lie for a return of the purchase money paid by respondent to appellants. The cross-complaint set out the two contracts and the payments to be made by respondent and appellants and the dates thereof, and the failure of appellants to make the payment of $3,000 December 28, 1920, more than one year prior to the time the payment from respondent to appellants was due. The precedency of covenants is usually determined by ascertaining the intent of the parties as shown by the contract. The rule laid down by Lord Mansfield, which has been followed in practically every instance is:

"That the dependence or independence of covenants was to be collected from the evident sense and meaning of the parties, and that, however transposed they might be in the deed, their precedency must depend on the order of time in which the intent of the transaction requires their performance." (*Jones v. Barkley,* 2 Doug. 685, 691; *Reindle v. Heath,* 115 Wis. 219, 91 N. W. 734; 13 C. J., sec. 539, p. 568; *Ernst v. Cummings,* 55 Cal. 179; *Goodwin v. Lynn,* 10 Fed. Cas. No. 5553.) [3] A condition precedent of a contract is one which calls for the performance of some act, after the contract is entered into, and upon the performance of which its obligations are made to depend. (*Northwestern National Life Ins. Co. v. Ward,* 56 Okl. 188, 155 Pac. 904; *Sunshine Cloak & Suit Co. v. Roquette Bros.,* 30 N. D. 143, 152 N. W. 359, L. R. A. 1916E, 932; *Adams v. Guyondotte Valley Ry. Co.,* 64 W. Va. 181, 61 S. E. 341;

6 R. C. L., sec. 209, p. 904; 6 Cal. Jur., sec. 219, p. 363; 13 C. J., sec. 532, p. 564, sec. 540, n. 28, p. 570.)

[4] The $3,000 to be paid by appellants was in the nature of an encumbrance on the property which appellants agreed to remove from the property at a certain date and was a covenant precedent to future payments by respondent. (5 Page on Contracts, 2d ed., p. 5211.) The payments in this transaction were to be made at separate, distinct stated times, that of appellants preceding that of respondent; and the failure to make any of the payments under the contracts went to the whole substance of the contracts, since in each time was of the essence. Appellants' contract to make this payment to Reynolds was a condition precedent upon which the performance of respondent's future obligations was dependent; and in failing to make this payment appellants committed a material breach of the contract. [5] Where an adversary has defaulted in a precedent covenant it is not necessary to allege a tender of performance or the ability to perform. (5 Page on Contracts, 2d ed., sec. 2960, p. 5228; 13 C. J., sec. 849, p. 726; *Winfield Lumber Co. v. Partridge*, 202 Ala. 437, 80 So. 821; *Shank v. Trustees of McCordsville Lodge*, 47 Ind. App. 331, 88 N. E. 85, 93 N. E. 452; *Jennings v. Shertz*, 45 Ind. App. 120, 88 N. E. 729; *Spaulding v. Coeur d'Alene Ry. & Nav. Co.*, 5 Ida. 528, 51 Pac. 408; *San Diego Const. Co. v. Mannix*, 175 Cal. 548, 166 Pac. 325; *Richards v. Jarvis*, 41 Ida. 237, 238 Pac. 887); and an action for a return of the purchase money will lie.

[6, 7] As said in *Marshall v. Gilster*, 34 Ida. 420, 201 Pac. 711: "If the vendor is unable to perform at the time performance is required of him, a tender of performance by the purchaser is not required."

In that case the vendor could not furnish good title to the property at the time set therefor. In the case at bar appellants were not required to pass good title at this time but they were obligated to pay the $3,000 on the date it became due to keep respondent indemnified under his contract with appellants. It was practically conceded by appellants that they were not able to perform at the prescribed time, and

the fact was that they did not perform. Respondent's cross-complaint was thus sufficient.

[8] Appellants in their answer to the cross-complaint admit that Reynolds served notice of forfeiture of the contract and took possession of the property; and further Reynolds testified that Elson and Jones obeyed the notice of forfeiture. In such a situation it does not appear that the introduction of the notice of forfeiture signed by Reynolds was prejudicial to appellants, whether or not it was sufficiently identified for the purpose of its admission.

[9] In their answer to the cross-complaint appellants allege that Reynolds offered to reduce the amount and to extend the time of respondent's payments, and there was some evidence in support of this allegation. It will be readily seen that an extension of time for respondent to make his payments could in no way affect the payments due from appellants. Respondent might be given any number of extensions or his payments reduced; still it would be within Reynolds' rights to declare a forfeiture of the contract if appellants did not pay their obligation on the date set; and if respondent proceeded to make all his payments, and after they were all made appellants were still in default, Reynolds would still have the right to insist that appellants' payments be made before the title was transferred. Time being of the essence of the contract, it was appellants' duty to make the payment upon the date it was due. If an extension was given respondent it is not clear whether it pertained to respondent's or appellants' payments; and in this respect the requested instruction of appellants was erroneous, stating:

"You are further instructed that if you find from all the evidence that the owner of the land described in said contract went to the defendant, Jones, and offered to extend the time of payment due on said contract and reduce the amount thereof, and to permit said defendant to keep possession of said land, then in that event the defendant cannot urge as a defense for his own default, the default of Elson, and you should find for the plaintiff."

[10]    The court gave instructions Nos. 4 and 5 as follows:
"You are instructed that in support of his defense and his counterclaim the defendant, Wm. Jones, contends that as a reason for not making the payments due on his contract with the plaintiffs that the plaintiffs had defaulted in a certain payment to be made by them to Edward W. Reynolds due December 28th, 1920.

"And if you further find from all of the evidence that there was an oral agreement between the plaintiffs, William Elson and wife, and Edward W. Reynolds whereby said Edward W. Reynolds gave said Elson additional and further time to pay the balance of the payment due December 28, 1920, then in that defense the defendant, Jones, cannot rely upon the failure of Elson to make payment on December 28, 1920, as a defense in this action."

"The jury are instructed that the times of payment specified in the written contract between Edward W. Reynolds and wife and the plaintiff, William Earl Elson, could be altered and extended by an oral agreement between the said parties."

These instructions were more than favorable to appellants and the jury found that there had been no extensions.

[11]    Appellants' specification that the verdict is contrary to the evidence, in that appellants had performed all acts to be done by them under the Reynolds-Elson contract, and that respondent did not offer to place appellants in the position they were in at the time of making the contract, have been covered. As to the first point, the evidence was conflicting and the jury found on sufficient evidence that appellants had not performed all acts to be done by them under the contract; and hence the verdict will not be disturbed.

The judgment is affirmed.   Costs awarded to respondent.

William A. Lee, C. J., and Wm. E. Lee and Taylor, JJ., concur.