## HAMMOND v. HAMMOND.
### No. 8050.

United States Court of Appeals for the District of Columbia.

Argued Oct. 14, 1942.

Decided Nov. 9, 1942.

---

[1] Rule 26(a) of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c.

Mr. Wilber Stammler, with whom Mr. George W. Dalzell, both of Washington, D. C., was on the brief, for appellant.

Mr. Ernest Schein, of Chicago, Ill., pro hac vice, by special leave of court, with whom Messrs. George L. Schein and Manuel J. Davis, both of Washington, D. C., were on the brief, for appellee.

Before GRONER, Chief Justice, and EDGERTON and RUTLEDGE, Associate Justices.

PER CURIAM.

Appellant and appellee were married June 7, 1933, and their only child was born March 22, 1936. The marital domicile was New York. Differences arose toward the end of 1937 and a separation agreement was executed January 13, 1938, effective "as of January 1, 1938." In March of that year appellee secured a decree of absolute divorce in Reno, Nevada. The decree by reference adopted and confirmed the separation agreement. The latter required the husband (appellant) to provide for the support of his wife and child during the lifetime of the wife or until she remarry and for the lifetime or minority of the child. Specifically the agreement provided that the husband turn over to the wife for the year 1938 the leased apartment in New York City in which they had resided and twenty per cent. (20%) "of all income received by him during such period." For the years subsequent to 1938 the wife was entitled to receive forty per cent. (40%) of the husband's income if it did not exceed $7,500. If more than $7,500, she was to receive thirty per cent. (30%), "but, in no event less than Three Thousand Dollars ($3,000.00) nor more than Six Thousand Dollars ($6,-000.00)." The agreement also provided that appellee should have custody of the child during minority, subject to the right of the husband, "at his option, (1) to have complete custody of the Child for two (2) months in each year at any time designated by him so long as the Wife has not remarried and the Child has not attained the age of eight years. * * *"

Appellee brought this action in the Municipal Court of the District of Columbia

on May 24, 1941, to recover from appellant a balance of $210.99 claimed to be due under the agreement for the year 1939, and a balance of $600 claimed to be due under the agreement for the year 1940. Appellant does not dispute the correctness of the figures as applicable to the years in question, except that he claims to have paid an additional $100 in 1940, for which no credit was given. Appellant's defense is (1) that he had overpaid appellee in the amount of $722.01 for the year 1938, which, together with the sum of $100 claimed to have been paid but not accounted for in the year 1940, made an overpayment for the entire period of the agreement of $11.02; and (2) that in no case was appellee entitled to recover because she had breached the agreement by refusing him custody of their child. A jury was waived, the case submitted to the court and judgment was entered for appellee in the amount sued for.

First: We are of opinion that the alleged overpayment of $722.01 for the year 1938 was not recoverable. The separation agreement provides that appellant make his payments within ten days after receipt of income, the percentages to be governed by the income of the preceding year, with adjustment to be made at the end of the year when the amount actually received had been determined. To this end he is required to furnish his wife or her attorney with a sworn statement of his income on or before the 10th of the following January. The trial court ruled that since this latter provision had not been complied with, evidence of the overpayment could not be introduced. In the view we take we need not consider this. The evidence which appellant offered on the subject, all of which is in the record and all of which we have considered, shows, beyond any question that the amount which he claims was overpaid was so paid because, in computing the amount due under the agreement, he included in his income for the year 1938 capital gains derived from the sale of securities, which he now insists should not have been included. But if his position in this be conceded, under the New York law which governs this agreement, such an overpayment is not recoverable where it was made, as is the case here, under a mistake of law. Appellant knew what his income for the year 1938 was, knew what portion of it had been derived from the sale of securities and knew what portion was payable to his wife. If any-

thing, he misapprehended his legal rights under the contract, and the New York courts will not grant relief for a mistake of law occurring with full knowledge of the facts. Payne v. Witherbee, Sherman & Co., 200 N.Y. 572, 93 N.E. 954; Adrico Realty Co. v. New York, 250 N.Y. 29, 164 N.E. 732, 64 A.L.R. 1; Childs v. Childs, 1942, 263 App.Div. 946, 34 N.Y.S.2d 46.

The $100 which appellant paid his wife in 1940 and which was not included in her computation was sent by check at a time when his daughter was ill, with a letter suggesting that it be used to pay the hospital, and stating that what remained could be deducted from the next payment. Admittedly nothing remained. Appellant testified in substance that he sent the check because he believed himself obligated to defray the medical expenses of the child. Appellee testified that it was sent because she was unable to afford the expense. The lower court treated it as a gift for the benefit of the child and not a payment under the separation agreement. We are unable to say that this was wrong.

Second: Appellant contends that he is not chargeable with arrears of payments due under the agreement because his wife has refused to allow him partial custody of the child in accordance with the agreement. By the law of New York the custody provision is a material part of the contract, and a breach by the wife without justification will bar recovery by her. Duryea v. Bliven, 122 N.Y. 567, 25 N.E. 908. But in this case the undisputed facts show that appellant made no request or demand for custody during the years 1938, 1939 and 1940. It was not until 1941, when his wife demanded that he pay over the amounts due her under the agreement or stand suit, that he intimated his desire to have the child spend part of the summer with him at his father's home, and it was not until after this action was brought that he actually made a definite and positive demand. This was too late to alter appellee's rights. The sums in question here were due in the years 1939 and 1940. During those years there was no breach of the agreement by the wife and nothing to show that she would not have complied with a demand by the husband. None having been made, the rights of each of the parties under the agreement became fixed and definite upon the filing of suit, and possible defenses acquired subsequently are of no

354

avail. Mavian v. Majestic Photo, Inc., Sup., 19 N.Y.S.2d 677; Dickey v. Turner, 6 Cir., 49 F.2d 998; Pearlman v. Newburger, 117 Pa.Super. 328, 178 A. 402.

■ Moreover, the obligations of appellant and appellee under the agreement were mutual and reciprocal. Hence, while appellant's breach continued, he was in no position to demand performance by appellee. Rice v. Fidelity & D. Co., 8 Cir. 103 F. 427; Cresswell Ranch, etc., Co. v. Martindale, 8 Cir., 63 F. 84, 88. And this would be true even in a case in which the delinquent party acted in good faith. "The rights and remedies of parties for the breach of civil contracts ought not to be so placed at the mercy of those who break them." Cresswell case, supra. We think it would be both incorrect and inequitable to hold that appellant could refuse to furnish support to his wife and child, as he had bound himself by contract to do, and at the same time insist upon his rights under the contract to have custody of his child.

For the reasons we have given we are of opinion that appellee was entitled to recovery and that the judgment in her favor should be and is affirmed.

Affirmed.