**STUART v. STUART.**

**No. 8017.**

United States Court of Appeals for the District of Columbia.

Argued Jan. 12, 1943.

Decided Feb. 1, 1943.

Mr. Arthur G. Lambert, with whom Mr. Arthur R. Murphy was on the brief, both of Washington, D. C., for appellant.

Mr. Ralph A. Cusick, of Washington, D. C., for appellee.

Before GRONER, Chief Justice, and MILLER and RUTLEDGE, Associate Justices.

GRONER, C. J.

This action was begun in June, 1938, by appellant to recover from appellee the sum of $1,500. It grows out of a contract dated September 13, 1929, as amended by a supplemental contract dated October 24, 1936. Doctor and Mrs. Stuart were married in 1923. In 1924 their only child, a daughter, was born. Shortly thereafter a separation occurred, which was followed by the removal of the husband to Virginia, where a decree of divorce was obtained, into which was incorporated the 1929 agreement. That agreement bound the husband to pay his wife for the support of herself and their child $350 a month, and to maintain for the benefit of the child, without impairment by loan or otherwise, an existing $10,000 War Risk Insurance policy on his life.

As of October, 1936, the promised payments to the wife were in arrears in the sum of $3,740. As a result of Dr. Stuart's insistence of inability to pay, a supplemental agreement of that date was made, providing for the settlement of this indebtedness by the payment of $1,300 and for a reduction to $150 of the subsequent monthly payments. This later agreement confirmed a provision in the earlier one whereby the wife was given exclusive custody of the child, with the right of visitation by the husband at reasonable times and places and under conditions agreeable to the wife, with the following additional qualifying provision: "That the payments herein agreed to be paid by the first party [Dr. Stuart] are conditioned upon the second party [Mrs. Stuart] fulfilling her agreements so long as the first party fulfills his agreements."

Dr. Stuart made five monthly payments under the 1936 agreement and then again fell into arrears. In September, 1937, Mrs. Stuart brought suit in the Municipal Court of the District of Columbia for payments due from February 15, 1937, to August 15, 1937. Dr. Stuart defended upon the ground that Mrs. Stuart had refused to

allow him to see his daughter and that by the terms of the agreement, just above quoted, this relieved him of the necessity of making any payments. Issue was joined on this defense and trial was had to a jury in November, 1937. A verdict was returned for Mrs. Stuart and judgment was entered thereon. The judgment was satisfied in the latter part of January, 1938, at which time approximately $600 of subsequently accrued payments were in arrears. These were not paid nor tendered, nor were any payments thereafter made by Dr. Stuart. This action, brought in June, 1938, was to recover the installments due monthly from August 15, 1937, through May 15, 1938. Dr. Stuart successfully defended in the District Court on the same ground which had failed in the Municipal Court, namely, that he was excused from paying because Mrs. Stuart had failed to perform her agreement to permit him to visit his child.

The single question in the case is whether, in the circumstances we have named, this is a good defense. The trial court instructed the jury to find for Dr. Stuart if they believed that after August 15, 1937, he properly requested the opportunity to see his child, and that this request, when made known to Mrs. Stuart, was improperly refused by her, and that the request was made in good faith and not for the purpose of setting up an excuse for his failure to make the agreed payments. We think for reasons presently to be stated that this was error and that the court should have granted Mrs. Stuart's motion for a directed verdict.

■ We are in complete agreement with the lower court that the judgment in favor of Mrs. Stuart in the Municipal Court was a conclusive determination that as of August 15, 1937, the date as of which the judgment in the Municipal Court spoke, Dr. Stuart was solely in default under the contract. This judgment, as we have seen, was not satisfied until the 27th day of January, 1938. In the interim five other installments accrued and were unpaid, and are, with subsequently accruing installments, the subject of the instant suit. In short, Dr. Stuart has made no payment to his wife since the last installment included in the Municipal Court judgment. Furthermore, the evidence is undisputed that he has never carried out the provisions of the contract requiring him to maintain unimpaired the life insurance policy for the benefit of his daughter. Consequently, he was in no position to demand performance by Mrs. Stuart. Cf. Hammond v. Hammond, 76 U.S.App.D.C. 357, 131 F.2d 351, decided November 9, 1942. Moreover, the evidence unmistakably showed that at no time between August 15, 1937, when the present default began, to a period eight or ten months later, if then, did Dr. Stuart ever request opportunity to see his daughter.

■ As we have seen, the first contract between the parties provided without qualification that Dr. Stuart should have the right to visit the child at proper times. His failure to make payments under it, coupled with his contention that he was unable to do so, led to the execution of the second contract, in which was inserted the clause to which we have referred, providing that Mrs. Stuart be bound to fulfill her engagements only so long as Dr. Stuart fulfilled his. The obvious purpose of this was to avoid a recurrence of his defaults by making the discharge of his duty a condition precedent to his demanding performance by Mrs. Stuart. The concluding words of the clause, "so long as the first party [Dr. Stuart] fulfills his agreements" show this unmistakably. For unless the words used mean this, they mean nothing and would be pure surplusage. And since, as we have shown, Dr. Stuart was in unbroken default from the day of the Municipal Court judgment to the present, he was in no position to demand the privilege of visiting his daughter. It follows that Mrs. Stuart was not required to comply with any request and that a refusal by her would not be a defense to Dr. Stuart in a suit for the payments he contracted to make. See 3 Williston, Contracts (1936) § 666-A.

■ In summary, we hold that the provision of the contract to which we have adverted imposed upon Dr. Stuart a condition precedent, his nonperformance of which excused Mrs. Stuart from compliance with her agreement to afford him access to their child. In other words, her obligations are suspended until he performs his. See City of New Orleans v. Texas and P. R., 171 U.S. 312, 18 S.Ct. 875, 43 L.Ed. 178; Hurt v. New York L. Ins. Co., 10 Cir., 51 F.2d 936; Elson v. Jones, 42 Idaho 349, 245 P. 95; Rice v. Fidelity & D. Co., 8 Cir., 103 F. 427.

In the circumstances we are constrained to reverse the judgment of the court below

and to remand the case for proceedings in accordance with this opinion.

Reversed.