## ROGERS V. YARNELL.

1. PRACTICE: *Transfer to equity.*

An action at law brought to recover a disputed balance on a complicated mutual account current, extending through a period of thirteen years, was properly transferred to equity.

2. INTEREST: *On mutual account current.*

A mutual account current between the plaintiff, who was engaged in farming and money lending, and the defendants, who were merchants, was begun on the books of the latter in 1871. The plaintiff obtained from the defendants merchandise for himself and supplies for his tenants, and sometimes got from them cash advances. They borrowed money from him from time to time, and in 1873 executed to him their note for $1100, loaned money, which bore interest before maturity. The proceeds of crops raised on the plaintiff's lands, or due from his tenants, were turned over to the defendants year after year, to be credited on the account and the items of debit and credit were entered as one continuous account, without rest or balance until 1884, when the dealings between the parties ceased. The manner of keeping the account, in connection with other evidence, shows that it was permitted to run for mutual convenience, the

Rogers v. Yarnell.

balance to be paid by the party against whom it should exist on a final adjustment. *Held:* That until the dealings between the parties ceased, or one of them was called to account, neither could claim a balance for which the term of credit had expired, and on which interest could be computed either by virtue of an implied agreement or by operation of law. Bur the note by its terms bore interest and as it entered into the mutual dealings, the items of the account which are demands in favor of the defendants against the plaintiff should be applied to the payment of the interest and principal of the note after first extinguishing the earlier demands of the plaintiff against the defendants, as in ordinary cases of partial payments under the statute. (Mansf. Dig., sec. 4758.)

APPEAL from *White* Circuit Court in Chancery.

M. T. SANDERS, Judge.

Rogers brought an action at law against Yarnell & Bro., to recover a balance of $2587.13, which he alleged to be due to him on a mutual account running between the parties through a period of thirteen years. The answer of defendants denied any indebtedness to the plaintiff. They alleged that a note for $1100, which they executed to him in 1873 and with the amount of which they were charged on the account as stated by him, had been paid and pleaded the statute of limitations in bar of a recovery thereon. The answer also, by way of counter-claim or set-off, alleged that the plaintiff was indebted to the defendants on the same account, as stated by them, in a balance of $3670.09. Upon motion of the defendants the cause was transferred to the equity docket and a master was appointed to state the account, making yearly rests in the same, so as to ascertain the balance and to whom due on the first of January in each year and to allow interest on such balance. The master made a report, in which he failed to credit the plaintiff by the amount of the note for $1100, and the court after sustaining exceptions to the report, restated the account and allowed the credit refused by the master. Judgment was then rendered for the defendants

for the balance which the master's statement showed against the plaintiff, less the amount of the note. The plaintiff appealed.

*W. R. Coody,* for appellants.

1. The court erred in transferring the cause to equity. Mansf. Dig., sec. 4929, 5175; 47 Ark., 209.

2. The statute of limitations has no application to mutual accounts current, where it is understood and agreed that the indebtedness on one side liquidates that on the other *eo instanti.* Mansf. Dig., sec. 4492; *McNeil v. Garland,* 27 Ark., 343; 32 Ark., 346; 14 Id., 192; 22 Id., 301.

3. The court erred in directing the master to ascertain the yearly balance and then calculate interest from the 1st of January of each succeeding year to the time of taking the account. 14 Ark., 196; Mansf. Dig., sec. 4738.

4. While an unliquidated account does not bear interest, yet where it is a uniform custom of a trader to charge interest after a certain time, he is allowed to do so to those who are in the habit of dealing with him, with a knowledge of that fact. 4 Wend., 483; 8 Vt., 263; 2 Dal., 193; 39 Ill., 307.

In mutual accounts interest is to be cast on the annual balances. 48 Vt., 53. The result of the authorities seems to be "that where partial payments have been made on a note or *other claim bearing interest,* the interest is to be computed on the principal sum from the time when interest commenced to run to the first payment, add the interest and deduct payments. The remainder is a new principal upon which to compute interest." 53 Me., 351; 28 Ind., 488; 66 Ill., 361; 1 Heisk., (Tenn.,) 574; 35 Cal., 692; 8 Watts & S., 18; 2 Wash., (C. C.,) 167; 4 Brown, (Neb.,) 190.

The $1100 note bore 10 per cent. from date. 4 Ark., 170; Ib., 199.

*J. N. Cypert* and *Sanders & Watkins*, for appellees.

The pleadings show a case clearly within equitable juris-diction, being a case of mutual, complicated and disputed accounts, running for years.

The statute of frauds was never pleaded below and cannot be heard at the trial. 32 Ark., 97 and 116.

The $1100 note was merely brought into the account as a debit to balance credits already given appellant, but taking Rogers' view of it as an independent transaction given for borrowed money, and should not be an item in the account, then it is long since barred by limitation.

COCKRILL, C. J.

The subject of controversy was a complicated, disputed mutual account current, covering a period of thirteen years. The transfer to equity was not therefore error. *Trapnall v. Hill*, 31 Ark., 345; *Conway v. Rayburn*, 22 Ib., 301; *State v. Churchill*, 48 Ib., 426.

1. PRACTICE: Transfer to equity.

The Yarnells have prosecuted no appeal, and our inquiry is limited to the errors complained of by Rogers. The master's report of the allowance against him of items of the account to which he excepted, is sustained by the proof and it is useless to recount it. The only questions presented by the appeal that are worthy of consideration are whether the account or any of its items bore interest and if so on what part, at what rate and for what time? To decide these questions it is necessary to understand what was the agreement between the parties, and if there was no express agreement, what must have been understood to be the contract between them about interest.

It is the rule in this State to allow interest on open accounts after the term of credit has expired. *Roberts v. Wilcoxson*, 36 Ark., 355; *Railway v. Donnelly*, 46 Ib., 87;

*Tatum v. Mohr*, 21 Ib., 355.    And according to common custom, accounts between farmers and merchants are due annually.   *Higgs v. Warner*, 14 Ark., 192.   But if the dealings of the parties show that they have  not  been  conducted with  reference  to  such  a  custom,  there  is no presumption that the accounts mature annually.

The  facts  in this  case  are in  substance as follows :    The Yarnells were merchants at Searcy, in White county.   Rogers kept his office in their  counting room  and was  engaged  in money-lending and farming, the latter business being carried on mainly by  his tenants,  who drew their supplies from Yarnell's store upon Rogers' credit.    He  also  had  an account with the Yarnells for goods and merchandise  furnished himself.    The Yarnells borrowed money  from him  from time to time ;  the proceeds of  crops raised on  Rogers' lands or due from his tenants were turned over to them year after year  to be credited on the account, while Rogers  sometimes got advances of cash from the Yarnells to aid him in his operations. The  account was  opened on  the  Yarnells'  books in 1871. The items of debit and credit were entered as one continuous account without rest or balance until  it was closed by a cessation of  dealings  in 1884.    The only effort  at a  statement of the  account was  a footing of the  total debits and credits at the bottom of  each page,  which were carried  forward at the  top of  the next, regardless of  the dates and  years, and from  which  an  approximate  idea  of  the shifting balances might be obtained at any time.    Rogers kept no account  of the transactions, but had constant access  to Yarnell's books, and the proof shows that he availed himself  of  the opportunity to examine them  when he  desired.    It does not appear that any communication which would shed  light upon  the questions  under  consideration  ever  took place between the

Rogers v. Yarnell.

parties respecting the account from its commencement to its close. Occasionally a charge or credit of interest upon a cash advance appears in the account, and the evidence shows that these items were probably agreed upon at the time of entry. Rogers testified that it was not his intention to claim or charge interest on advances made by him except when he departed from the usual course of dealing and took an evidence of indebtedness in the form of a note; and the Yarnells testified that when they gave a note they did not specify that it should bear interest after maturity, because they expected the indebtedness to be extinguished at maturity by the items of their account against Rogers.

The manner of keeping the accounts between the parties, acquiesced in for so long a time, shows a reciprocity of dealing, which is confirmed by the testimony above detailed.

2. INTEREST:
On mutual account current.

Charges upon the one side were evidently intended to be credited or set off *eo instanti* against the charges upon the other, and the account was permitted to run for mutual convenience, the balance to be paid by the party against whom, upon final adjustment, it should be found to exist. The delay in settlement was mutual and voluntary. There were strong reasons for it on both sides—each was enjoying advantages offered by the other—and until the dealings ceased or one party was called upon to account, neither could claim a balance. Until such an event, the account was unsettled, the term of credit had not expired and there was nothing upon which interest could be computed, either by virtue of an implied agreement or operation of law. Interest is allowed only when a debtor is in default. *Adams v. Bank*, 36 N. Y., 215.

There was no foundation, therefore, for the basis of annual rests which the court fixed in its order of reference to the

Rogers v. Yarnell.

master for the computation of interest, or in the computation which was subsequently made by the court when the report of the master was set aside and the account restated. That would be proper only upon the hypothesis that the dealings of the parties indicated that it was their intention to strike a balance annually. See *Pickett v. Merchant's Bank*, 32 Ark., 355–6; *Langdon v. Castleton*, 30 Vt., 285; *Davis v. Smith*, 48 Ib., 53.

As a general rule interest is allowable on cash advances from the time they are made though they rest in the form of mutual, current unliquidated accounts. *Liotard v. Graves*, 3 Caines' Cases, 226; *Reid v. Rensaler*, 3 Cow., 393; 4 Wait's Actions and Defences, p. 130. As we have seen, the parties did not so intend in this case. But there is no presumption of a want of intention to charge interest on the note for eleven hundred dollars, given for loan of money, which the court found entered into the mutual dealings of the parties and for the amount of which Rogers was entitled to credit. By its terms the note bore interest at the rate of ten per cent. per annum before maturity, and thereafter, according to the established rule, at six per cent. *Newton v. Kennerly*, 31 Ark., 626.

The note was barred by the statute of limitations unless it entered into the mutual account, and as Rogers can recover upon it only upon the theory adopted by the court and which the Yarnells have not undertaken to controvert by prosecuting an appeal, it follows that the items of the account which are demands in favor of the Yarnells against Rogers should be applied to the payment of the interest and principal of the note after first extinguishing the earlier demands of Rogers against Yarnell, as in ordinary cases of partial payments under the statute. Mansf. Dig., sec. 4738.

The very essence of a mutual account current is that the indebtedness on one side, at the instant of its creation, liquidates *pro tanto* the subsisting indebtedness on the other. *Higgs v. Warner*, 14 Ark., *supra;* *McNeil v. Garland*, 27 Ib., 343.

The decree of the circuit court is reversed and a decree will be entered here when the account is restated.

The account will be referred to W. P. Campbell as master for a statement of the balance due. He will take the account as kept between the parties as a basis, deduct therefrom the items that were disallowed by the chancellor on hearing the exceptions to the master's report, give Rogers credit as allowed by the chancellor for $1100 and interest at ten per cent. per annum from the date of the note executed by Yarnell for that sum until its maturity, and six per cent. thereafter until it is extinguished by charges against Rogers, the credit to be entered as of the date of maturity; he will compute no interest upon any other item of the account, but take the items as stated in the account after the corrections made by the chancellor, allowing the several cross demands to operate as payments *pro tanto* from their respective dates and strike the balance. Interest will be computed on that balance so found from the first day of January, 1885, to the confirmation of the report and entering of the final decree herein.