CARTER *v.* BARTHOLOMEW ROAD IMPROVEMENT DISTRICT.

Opinion delivered January 8, 1923.

1. INTEREST—UNLIQUIDATED DEMAND.—In an action against a road improvement district for engineer's fees, the court properly refused to allow interest where there was no fixed time for the payment of the fees, and the claim therefor was for an unliquidated demand, which required litigation to determine the amount.

2. HIGHWAYS—ABANDONMENT OF IMPROVEMENT—COMPENSATION OF ENGINEERS.—Where a road improvement project was abandoned before the assessment of benefits was made, on account of the excessive cost of the improvement, engineers who did preliminary work under contract for a percentage commission are entitled to recover therefor under the *quantum meruit* rule.

3. HIGHWAYS—CLAIM FOR ENGINEERS' SERVICES.—A claim against a road improvement district of $50 a day for services as contracting engineers *held* under the evidence to be excessive.

4. HIGHWAYS—ENGINEERS' FEE.—A contracting engineer's fee, like that of an attorney, is a single fee, though it may be shared by several persons.

5. HIGHWAYS—COMPENSATION TO STATE HIGHWAY ENGINEER.—One could not recover for services rendered by him under contracts made with road improvement districts while he was State Highway Engineer.

6. HIGHWAYS—COMPENSATION OF ENGINEERS.—An engineering firm which, together with the State Highway Engineer, contracted to perform the engineering services for a road improvement district, was not disqualified to recover compensation by reason of their connection with the State Highway Engineer, though the contract with the district did not recite the respective interests of the parties in the compensation to be earned by them, there being no collusion between the engineering firm and the State Highway Engineer, and no partnership relation between them.

Appeal from Drew Chancery Court; *E. G. Hammock*, Chancellor; judgment modified.

*Williamson & Williamson* and *Coleman, Robinson & House,* for appellant.

*R. W. Wilson* and *J. W. Kimbro,* for appellee.

Smith, J.    The Bartholomew Road Improvement District was created by a special act of the 1919 session of the General Assembly, and the commissioners named in the act entered into a contract with H. R. Carter and Pritchett & Hight, as engineers, to build the road. This contract was dated March 17, 1919. Pritchett & Hight were partners, while Carter operated individually; but before bidding for the engineering contract they made an agreement whereby they apportioned the work and the compensation therefor between themselves. According to this agreement, Carter was to receive twenty-five per cent. of the compensation and Pritchett & Hight seventy-five per cent., and this suit was brought by them to recover the value of the services rendered by them under their contract with the district. The contract with the improvement district provided for a compensation equal to five per cent. of the actual construction cost of the proposed improvement not exceeding in cost one million dollars, and four per cent. of all such cost in excess of a million dollars, of which fifty per cent. of the entire fee was to be paid when final plans, specifications and estimates of cost were completed, and the balance as the work progressed. The contract was in writing, and was in the form prepared by the State Highway Department and customarily used throughout the State.

The plans, specifications and final estimates of cost were made by the engineers, but the district was abandoned before any assessment of benefits was made, on account of the excessive cost of the improvement, which the engineers estimated at $1,187,560.33. On this basis the engineers claimed the sum of $57,502.41 would have been due under the contract had the district proceeded with the work under the contract; but that was not done,

and it is conceded that, under the decisions of this court, the recovery must be on a *quantum meruit* basis.

As the basis of the claim of the engineers against the improvement district for services performed by them, an itemized statement has been filed. The itemized statement covered the following charges:

| | |
|---|---:|
| Materials used by field party ..................$ | 693.30 |
| Expense of organizing field party ........... | 476.50 |
| Salaries paid engineers in the field ...... | 1,321.00 |
| Office payroll ...................................... | 5,762.05 |
| Cost preparing estimates ...................... | 750.00 |
| Blue-prints ........................................ | 200.00 |
| Stenographer ...................................... | 150.00 |
| Federal aid paper ............................... | 250.00 |
| Automobile hire .................................. | 331.14 |
| Railroad fare ..................................... | 130.17 |
| Gas and oil ......................................... | 17.50 |
| Teams.................................................. | 247.85 |
| Hotel, etc. .......................................... | 302.20 |
| Labor .................................................. | 430.50 |
| Drainage engineers ............................. | 375.00 |
| Total................................................... | $11,437.21 |

After a careful consideration of the testimony in regard to these items, we have concluded that they are all proper charges against the district, and should be allowed. The above items appear to represent actual expenditures by the plaintiff, except the item of $375 for work of drainage engineers; but, as we understand it, this is an item for which the plaintiffs are themselves indebted to the drainage engineers who performed the services charged for. The services were necessary, and the charge appears to be reasonable, and credit will therefore be allowed for it.

In addition to the above items, which we think are proper and therefore allow, the account filed by the plaintiffs included the following items:

| | |
|---|---:|
| Cost of preparing bridge designs | $ 2,815.00 |
| Furniture and fixtures | 780.00 |
| Interest | 1,575.25 |
| Prorata overhead charge | 4,426.17 |
| Compensation for plaintiffs for time actually devoted to the work | 8,500.00 |
| Total | $18,096.42 |

In explanation of the item for preparing bridge designs it is shown that the length of the proposed road was 92.5 miles, and that there were more than 200 openings in the road for which bridge designs were necessary, and these were all made by plaintiff Pritchett. This appears to be a proper expense, but the court below allowed the item, "office payroll, $5,762.05", and specifically found that, having allowed that item, it would amount to a double allowance to allow the item of $2,815 for bridge designs; and we have concluded the court below was correct in this finding. The plaintiffs submit an office payroll for the months from April 1, 1919, to January 1, 1920, amounting to $5,762.05, and explain that the men to whom that money was paid worked in the office of plaintiffs, and that it was their business to formulate the data furnished by the field forces into plans and specifications for the improvement. It is admitted that the above item is an estimate, as the plaintiffs each had numerous other road districts under contract at the same time, and those figures were arrived at by prorating this expense, which appears not to have been an improper way to arrive at the sum to be charged. Carter was the engineer for a number of road districts, and maintained his office in Little Rock; Pritchett & Hight were engineers for other road districts, and maintained a separate office in Little Rock; in fact, there appears to have been

no connection between these engineers except in the construction of the improvement out of which this litigation arose, and it was necessary to estimate and prorate the office expense which should be charged against the defendant district. The testimony is not very clear or satisfactory as to just what work was done by the office force to incur the charge against the district of $5,762.05, if it did not include the formulation of bridge designs and other office work of that character; and we have concluded that the sum allowed by the court for office work was sufficient to include the charge for bridge designs, and the action of the court in disallowing that item is approved.

We think the court properly disallowed the items for furniture and fixtures and *pro rata* overhead charges, as, in our opinion, other items which were allowed compensated any charge of that kind which might properly be taken into account.

We think the court properly disallowed the item for interest. This charge begins with the commencement of the work in April, 1919, and continued until the filing of this suit. There was no fixed time for the payment of the engineers' fees, and the amount thereof is an unliquidated demand, and it has required this litigation to determine the amount due plaintiffs. The court below has found that the sum demanded is largely in excess of the amount to which the plaintiffs are entitled, and we concur in that view, although we do find that sufficient compensation was not allowed by the court below.

Plaintiffs admit they must recover on a *quantum meruit* basis, and it is on that basis that we are making our finding of the amount the plaintiffs should recover. *Bowman Engineering Co.* v. *Ark. & Mo. Highway Dist.*, 151 Ark. 47.

The item, "compensation for plaintiffs for time actually devoted to the work $8,500," was disallowed by the court. This item was arrived at by charging $50 per day for the time that the contracting engineers devoted

to the supervision of the work. We think some allowance should be made in this respect, although we are of opinion that the sum demanded is excessive.

As we have said, the plaintiffs each had a number of other districts under contract while they were supervising the work for which they charged the defendant district, and it is a mere estimate on their part that the time spent by them in the supervision of the defendant district was the equivalent of 170 days; but, assuming this estimate to be correct, we think the sum charged is excessive. The engineer's fee, like that of an attorney, is a single fee, although it may be shared by several persons. *Sain* v. *Bogle,* 122 Ark. 14.

We have concluded that an allowance of $2,500 should be made on account of this item; but, in our opinion, any allowance over that sum would be excessive. It will be borne in mind that other engineers did the actual field and office work, and proper allowance therefor has been made. It is true that a period of about two years elapsed from the day of the beginning of the work under plaintiffs' contract until the enterprise was abandoned, but, as has been said, this was one of a number of enterprises which plaintiffs were supervising, and they only claim to have devoted 170 days to that service.

The items allowed by the court below total $9,202.02, all of which we approve, while the additional items which we approve amount to $4,735.19.

After finding the total sum earned under the contract, the court denied Carter the right to recover his proportionate share, for the reason that at the time of making the contract with the improvement district he was the State Highway Engineer; but the court also found that Pritchett & Hight were under no disqualification, and that it would be inequitable to deny them a recovery of the portion due them because of Carter's disqualification.

We have recently held that Carter could not recover anything to compensate services rendered by him under

contracts which he had made with road improvement districts while he was State Highway Engineer, and the court therefore properly rejected his claim.  *Carter* v. *Bradley County Road Imp. Dist.*, 155 Ark. 288.

We think, however, the court was correct in not rejecting the claim of Pritchett & Hight on that account. So far as they were concerned, the contract was a severable one, although the contract of the plaintiffs with the district did not recite the respective interests of the parties in the compensation to be earned by them.  There is no claim of collusion between Pritchett & Hight and Carter, nor did their contract with him make them partners.  They did the work jointly for an agreed share of the compensation, but it was not a partnership undertaking between them, and the public policy which forbids any recovery on the part of Carter does not apply to Pritchett & Hight, because they were under no disqualification.  *Hoge* v. *George*, 200 Pac. 96; *St. L. I. M. & S. R. Co.* v. *Matthews,* 64 Ark. 398, 20 R. C. L., p. 1018.

There is an appeal and a cross-appeal, and the decree of the court below is affirmed as to all of the allowances made, and will be modified as indicated in this opinion by allowing the plaintiffs additional credits to which they are entitled, and a decree for three-fourths thereof will be rendered in favor of Pritchett & Hight.