WOOD *v.* WOOD.

4-9662                                    245 S. W. 2d 575

Opinion delivered February 4, 1952.

*Osborne W. Garvin,* for appellant.

*Wood & Smith,* for appellee.

GEORGE ROSE SMITH, J.  This is a petition by the appellee for back alimony in the sum of $630.  The appellant admits that he has not paid the last twenty-one installments of $30 a month, but he contends that he and the appellee agreed that the appellant's contributions to their daughter's college education should be treated as prepayments of alimony due the appellee.  The chancellor found against the existence of such an agreement and entered a decree for the petitioner.

The divorce decree of 1937 approved a property settlement by which the appellant agreed to pay his former wife $30 a month and to pay a like amount for the support of their daughter until she reached her majority in 1948.  The appellant testified below that he and the appellee later agreed that he would contribute additional sums toward their daughter's education upon the understanding that such contributions were to be credited as prepayments of future alimony.  He produced canceled checks to show payments totaling $2,329.77.  His mother and his sister testified that the appellee had told them that this agreement existed.

This testimony was contradicted by the appellee, who says that she has not talked to the appellant since their

divorce, that all their communications have been through their daughter, and that she neither made the alleged agreement nor ever told any one that it had been made, The daughter corroborates her mother, testifying that her father wrote to her suggesting such an arrangement, but she did not communicate the offer to Mrs. Wood. Instead she wrote her father that her mother needed the alimony and that she would quit school rather than have the payments discontinued.

The appellant had the burden of proving the defense offered, not only because proof of nonpayment of the installments made a *prima facie* case but also because it is primarily the father's duty to educate his child. With the evidence about evenly balanced the version given by the parties' daughter is especially persuasive, as even the appellant says that she was present when the agreement was made. We agree with the chancellor's conclusion that the making of the agreement has not been proved by a preponderance of the testimony.

Affirmed. The deposit of $150 heretofore made by the appellant with the clerk of this court will be disbursed upon a proper showing of expenses and attorney's fees incurred by the appellee.

GRIFFIN SMITH, C. J., and WARD, J., not participating.