LOOMIS *v.* LOOMIS.

5-13                                    255 S. W. 2d 671

Opinion delivered March 9, 1953.

*Harry T. Wooldridge* and *Palmer Danaher,* for appellant.

*Reinberger & Eilbott,* for appellee.

GEORGE ROSE SMITH, J.   In 1937 the appellee was granted a divorce in California.  The decree awarded her the custody of the parties' minor child and directed the appellant to pay $25 a month for the child's support.  In the court below the appellee filed a complaint seeking to recover delinquent payments totaling $1,475.  Trial without a jury resulted in a judgment for the plaintiff for $1,250.  For reversal the appellant contends that he should have been given credit for numerous overpayments made prior to the date of his last actual payment, which was about May 1, 1945.  By cross-appeal the appellee insists that the judgment should have included interest from the date on which this suit was filed.

The proof shows conclusively that the appellant paid or allotted to the appellee more than an average of $25 a month during the period between the entry of the decree in 1937 and his discharge from the army on May 1, 1945.  These overpayments fall into two categories.  First, the appellant was a soldier in World War II and made a monthly allotment of $42 for the support of his son.  We considered an identical situation in *Hinton* v. *Hinton,* 211 Ark. 159, 199 S. W. 2d 591, and rejected the husband's contention that credit for such overpayments should be projected beyond the date of his military discharge.  In that case the decree required the husband to pay $20 a month, and had he been credited with the full amount of the $42 allotment his liability would have been satisfied for a period extending even

beyond the date of trial. We held, however, that the military allowance extinguished the husband's obligation only to the date of his release from the army, and thereafter he was required to resume payment in accordance with the decree. On this point that case is controlling.

Second, during the first four or five years after the divorce the appellant often spent for the benefit of his child more than the exact amount required by the decree. From time to time the appellant paid pressing bills owed by his former wife, made gifts to his son, paid medical expenses, and in other ways did more than the court had directed. At the trial he produced canceled checks for these outlays and insisted that he was entitled to credit for each one.

We think this issue was one of fact for the trial court. There is certainly nothing in the law to prevent a divorced father from being more generous in the maintenance of his child than the court has ordered. Cf. *Wood* v. *Wood,* 219 Ark. 942, 245 S. W. 2d 575. On the other hand a father might refuse to make any prepayment except upon the explicit understanding—and for the sake of the child's security we think it should be pretty explicit—that the excess should be applied in satisfaction of future obligations. Here the appellant testified that he often warned the appellee that she would eventually have to account for all sums received, but the appellee is just as positive in her assertion that there was never any understanding that payments in excess of $25 a month were to be treated as advances. The appellee's testimony is substantial evidence supporting the finding of the circuit court.

The appellant also contends that his duty to maintain his son was temporarily suspended by reason of the boy's having obtained employment and supported himself for a few months before coming of age. This is not a circumstance that we may properly consider in giving effect to the California decree. If a foreign judgment is not subject to modification or recall as to past-due installments we must give it full faith and credit. *Barber*

v. *Barber,* 323 U. S. 77, 65 S. Ct. 137, 89 L. Ed. 82. It is settled in California that the courts cannot modify maintenance or alimony payments that have already accrued. *Parker* v. *Parker,* 203 Calif. 787, 266 P. 283; *Keck* v. *Keck,* 219 Calif. 316, 26 P. 2d 300. It is therefore beyond our power to reduce the judgment on the ground now asserted.

By cross-appeal the appellee, though not asking for interest on each installment from its due date, does insist that she is entitled to interest from the day on which this suit was filed. Had she recovered the full amount sued for we do not suppose that her claim to interest as well would be questioned. But she asked judgment for fifty-nine delinquent installments, and the court found that in 1943 the appellant made nine monthly payments of $25 without realizing that his obligation was being satisfied by a government allotment. To rectify this mistake the court credited the appellant with $225 and entered judgment for only $1,250. The question is whether this partial finding in favor of the defendant precludes the plaintiff from recovering interest on the balance due her.

We think it does not. The familiar rule that interest is not allowed on unliquidated demands does not mean that the defendant must in every instance know before the trial the exact amount he must pay if he loses. The rule applies principally to those cases in which the defendant is not in default for the reason that the extent of his liability can be determined only by litigation, as in a suit for personal injuries or for recovery upon *quantum meruit. Saliba* v. *Saliba,* 178 Ark. 250, 11 S. W. 2d 774, 61 A. L. R. 1348; *Carter* v. *Bartholomew Rd. Imp. Dist.,* 156 Ark. 413, 246 S. W. 487; Sutherland on Damages (4th Ed.), § 347.

Yet when the defendant is actually in default there are many instances in which interest is allowed even though the precise extent of his liability is not determined until the trial. For example, a defendant's liability for breach of a contract to pay a definite sum of money may be uncertain, for the default may have saved the

plaintiff the expense of full performance on his own part, and that saving may be a matter for the jury to determine. In spite of this uncertainty interest is recoverable from the date of the breach. Rest., Contracts, § 337, Comment *h.*

We recognized the principle, without stating it in so many words, in *Rogers* v. *Yarnell,* 51 Ark. 198, 10 S. W. 622. There a mutual account between the parties had extended over a period of thirteen years before coming to an end in 1884. The account was so involved that a master was appointed to arrive at the net balance due either to the plaintiff or to the defendant. Judge Cockrill carefully explained why interest is not allowed upon each item in such an account, but in remanding the case in 1888 we directed that the master determine the correct balance and allow interest on the balance so found from January 1, 1885. The latter date was evidently that on which the losing party could be said to be in default, although the amount of his liability was determined only after prolonged litigation.

In the case at bar the appellant was undoubtedly delinquent in the payment of the maintenance installments, and under the above principles the appellee is entitled at least to what she asks—interest from the date on which suit was brought.

Affirmed on direct appeal; reversed on cross-appeal.