■ ELIZABETH I. SOLTOW, Appellant, v. WALTER SOLTOW, Respondent.—In an action to recover upon a separation agreement, plaintiff appeals from a judgment of the Supreme Court, Suffolk County, entered April 19, 1974, in favor of defendant, after a nonjury trial. Judgment reversed, on the law and the facts, and new trial granted, with costs to abide the event. The parties were married in 1951 and have two sons. In July, 1968 they entered into the separation agreement and on September 5, 1968 the marriage was dissolved by a decree of divorce. The separation agreement, which was incorporated into the divorce decree, provided that defendant would pay plaintiff $90 per week for the support of the children, representing $45 per week for each child, "until each child shall become 21 years of age, self-supporting or married, whichever shall first occur" and "to continue * * * for each child attending an accredited four year undergraduate college * * * to graduation, provided that he continues as a student in good standing." The support provisions were subject to an increase of $10 per week per child "should the husband's net income increase by * * * $3,000 * * * per year". The agreement also required defendant to pay all the reasonable medical and dental expenses incurred by the children and maintain existing health and life insurance policies. We believe that the trial court should have granted plaintiff's motion, made at the outset of the trial, to amend the complaint so as to permit an increase in the *ad damnum* clause, based upon an alleged increase in defendant's income, which under the separation agreement would have required an increase in the children's support payments. Moreover, the court should have allowed plaintiff to conform the pleadings to the proof so as to permit evidence relating to support payments which accrued prior to 1971. Pleadings should be liberally construed and defects are to be ignored if a substantial right of a party is not prejudiced (CPLR 3026). A pleading may be amended by adding additional items "at any time by leave of court" and such leave "shall be freely given upon such terms as may be just" (CPLR 3025, subd. [b]). Leave to amend is granted almost as a matter of course where there is no showing of prejudice, even though there has been a delay in seeking that relief (6 Carmody-Wait 2d, N. Y. Practice, § 34:22). In the instant case the trial court had jurisdiction to grant the motions in question and, if it did so, defendant would not have been prejudiced. The trial court also erred in permitting defendant an offset for voluntary payments which he had made on behalf of his son Edward. In so doing, the court, in effect, remade the agreement of the parties. Payments which are voluntarily made by a father for the benefit of his children and not pursuant to a divorce decree may not be credited by him against other amounts which he owes under the decree (*Horne* v. *Horne,* 22 N Y 2d 219). Defendant is entitled to credit only for the payments which he made directly to plaintiff as required by the separation agreement. Moreover, the trial court incorrectly held that plaintiff was not entitled to reimbursement for $1,800 for insurance premiums which she paid and which premiums defendant was required to pay under the separation agreement. Finally, the agreement provided that the support payments for each child were to stop when he became "self-supporting". It should be determined at the new trial whether the parties' son Edward was actually self-supporting while he was in the United States Navy. Gulotta, P. J., Hopkins, Cohalan, Christ and Munder, JJ., concur.