Elizabeth Ann GLOVER *v.* Bobby Lee GLOVER

80-49                                         598 S.W. 2d 736
Supreme Court of Arkansas
Opinion delivered April 28, 1980
Rehearing denied June 16, 1980

*Spitzberg, Mitchell, Williams, Gill & Selig,* by: *William L. Owen,* for appellant.

*Wallace, Hilburn, Clayton, May & Calhoon,* by: *Charles E. Smith,* for appellee.

FRANK HOLT, Justice. Appellant and appellee were divorced in 1972. The appellant was awarded custody of their three minor children, and appellee was ordered to pay $190 per month for their support. The appellee was granted reasonable visitation and custody of the children for at least thirty days during the summer. The decree was silent as to which party would be responsible for the children's medical expenses and insurance. No provision was made for transportation expenses in the event the children were removed from the state. In 1979 the appellant instituted the instant proceeding seeking $6,670 arrearages in child support payments, an increase in child support payments, and contribution for the children's extraordinary medical expenses. Appellee responded that the arrearages were overstated, he had provided extra support, medical expenses and round trip airfares for the children for several years from California to Arkansas, all of which exceeded any arrearage in child support. The chancellor found that the appellee had spent $537 in additional support for his children, which he was not obliged to provide, and $2,589.44 in airfare in order that his children visit him. He then determined the appellee was $919

in arrears in child support and ordered it paid at the rate of $35 per month. He also found that the appellant was not entitled to an increase in child support and ordered that the parties share equally medical expenses not provided by appellee's insurance coverage. The appellant appeals from that portion of the chancellor's order which relates to the child support arrearage and a denial of an increase in child support payments.

The thrust of appellant's first two contentions for reversal is that the chancellor's finding that the appellee was deficient in child support payments in the amount of $919 is factually incorrect or contrary to the preponderance of the evidence. Further, the chancellor erred as a matter of law in awarding the appellee any credit for voluntary expenditures made by him for the benefit of the children. These expenditures primarily involve airfares, clothing and gifts for the children for the years 1973 through 1978.

Although we are not insensitive to the generosity of a noncustodial parent, as here, who provides additional support for his children to that expressly ordered by the court, we do not, as a matter of law, give credit for voluntary expenditures. *Loomis* v. *Loomis,* 221 Ark. 743, 255 S.W. 2d 671 (1953); and *Roberts* v. *Roberts,* 216 Ark. 453, 226 S.W. 2d 579 (1950). This is particularly true in child support cases in view of the fact that the custodial parent makes arrangements for the child's care "in reliance on a proper compliance with the decree" by the noncustodial parent. *Finkbeiner* v. *Finkbeiner,* 226 Ark. 165, 288 S.W. 2d 586 (1956). See also 24 Am. Jur., Divorce & Separation, § 872.

With respect to the approximately $2,600 airfare spent by the appellee, none of the circumstances under which credit may be proper are shown by the appellee. It is true that the appellant did not receive permission from the court to move the children to California from Memphis in 1974, where she resided since 1972 with the children with court approval and by agreement of the parties. Upon learning of appellant's proposed move to California in 1974, appellee filed a petition to gain custody of his children and the matter was set for a hearing. He apparently abandoned his efforts as there is

nothing in the record reflecting the disposition of the petition for custody. The decree and the order permitting removal of the children to Memphis is silent with reference to which party must bear transportation costs for visitation purposes, and there was no agreement between the parties. It was only in the instant proceedings, some seven years after their divorce and her removal from the state, that the appellee first claimed credit for this expenditure or made appellant aware that he was claiming this item as a credit. There was no finding by the chancellor that appellant had violated any court order nor was she, in any manner, at fault. In the circumstances, we hold that the appellant cannot claim credit for the approximately $2600 in airfare expenses. Similarly, with respect to the $537 "additional support in the way of clothes and other incidental expenses" which the chancellor may have considered a credit, we find that these expenditures must also be treated as voluntary contributions.

Consequently, we find the chancellor's computation of $919 as arrearage is incorrect as asserted by the appellant. Admittedly, the appellee was approximately $2,600 in arrears for the years 1973 to 1978. In 1978, he overpaid an undisputed $600. Therefore, after disallowing any credit for airfare and gifts to the children, the appellee is $2000 in arrearage, which, being due and vested in the appellant, entitles her to a judgment in that amount. *Holley v. Holley,* 264 Ark. 35, 568 S.W.2d 487 (1978).

The appellant next argues that the chancellor abused his discretion in not ordering an increase in child support after finding the existing amount inequitable. We initially note that the chancellor made no such finding. The decree recited that the "defendant is paying considerably less than the support chart recognizes as equitable based on his net earning capacity." However, he found that the appellant was not entitled to an increase in child support. Obviously, the chancellor recognized that any reference to "a chart" is only one factor in making his decision. Appellant's monthly net income, excluding the $190 child support, is $1049 based on her $18,000 salary. She acknowledges that her basic monthly expenses for necessities total $865. Even if we consider her other argument that her maximum for all monthly expenses

is $1,116., excluding the children's special activities and medical expenses, it appears she is annually receiving approximately $1400 in excess of her asserted maximum expenses when we consider her net income plus the court ordered support payments. In two months she was to receive a 10% increase in her salary. It appears that appellee's monthly net income is approximately $1,380 based on his $26,000 salary. He maintains medical and hospital insurance for the benfit of the children. To enjoy his visitation rights with his children he must, as discussed, bear the annual expense of approximately $550 for the children's round trip airfare. He has remarried. The appellant must demonstrate a sufficient change in circumstances so as to entitle her to an increase in child support. *Riegler* v. *Riegler,* 246 Ark. 434, 438 S.W. 2d 468 (1969). Here, in the circumstances, we are unable to say that the chancellor abused his discretion by refusing to order an increase in support payments.

The appellant's counsel is awarded $500 for services rendered on this appeal.

Affirmed as modified.

HICKMAN and STROUD, JJ., dissent as to the $2,000 arrearage constituting a judgment which does not permit the court in the exercise of its discretion, to provide for payment by installments.