Robert O. BURSON *v.* Tom DAY

84-217                                                                683 S.W.2d 917

Supreme Court of Arkansas
Opinion delivered February 11, 1985

516

*Atchley, Russell, Waldrop & Hlavinka,* by: *Josh R. Morriss, III,* for appellant.

*Eric W. Bishop,* and *Henry C. Morris,* for appellee.

GEORGE ROSE SMITH, Justice. For about six months in 1981 the parties were partners in the construction of buildings. After that Burson brought this suit for an accounting and recovery of his share of the profits. The dispute was referred to a master, who based her report upon extensive testimony presented by the parties and their C.P.A.'s. The chancellor, slightly modifying the master's figures, found that Burson's 40% share of the profits was $27,670.23, for which he was given judgment after a deduction of the $7,800 he drew during the partnership. Burson was also awarded $400.80 as the residual value of tools on hand. He argues in this court that he should have received larger amounts, plus prejudgment interest. Our jurisdiction is under Rule 29 (1) (c).

Burson's first three arguments involve questions of accounting. When the partnership was formed, Day already had a construction business of his own, which he continued. He alone contributed tools and other property to the

partnership. Apparently by common acquiescence the financial records of the two businesses were not kept separately. This commingling of the records unquestionably made it difficult for anyone to make an accurate allocation of the profits as between the two concerns. The C.P.A.'s both recognized that profits could be determined in a number of ways, involving not merely an examination of the records but also the exercise of judgment in allocating costs of labor and materials, in fixing the percentage of completion as to construction work in progress, and in other matters. After studying the appellant's abstract of the conflicting testimony, along with the briefs, we are firmly of the view that the appellant has not met his burden of showing that the chancellor's award of profits was clearly erroneous.

A fourth argument is that the award to Burson for his share of the value of tools at the termination of the partnership should be raised from $400.80 to $1,260.98, because the master wrote: "The amount to be included in residual value of tools if determined to be an income item would be $3,152.46." The statement of the condition, "if determined to be an income item," undermines the appellant's argument. Day testified that the master's evaluation should not be included in partnership income, because Burson contributed no tools to the partnership, while Day already had "every tool that you could imagine to work with to do the projects." He also said that the depreciation resulting from the use of his tools "used up" the value of the new tools that were acquired. On this point the weight of the evidence supports the chancellor.

Fifth, it is argued that the appellant is entitled to prejudgment interest, because the Uniform Partnership Act provides that when a partner retires and the business is continued, he shall receive the value of his interest in the partnership "with interest." Ark. Stat. Ann. § 65-142 (Repl. 1980). The statute manifestly applies only when two or more remaining partners continue the business. An award of interest compensates the retiring partner for the continued use of his property. Here Burson contributed no property to the firm, and the partnership business was not continued by

others. Burson's share of the profits has been definitely determined only after this prolonged litigation. Since Day was not indebted to Burson for an ascertainable amount which Day could have paid before the chancellor's final determination of the amount, prejudgment interest is not allowable. *Loomis* v. *Loomis,* 221 Ark. 743, 255 S.W. 2d 671 (1953).

The appellant's final argument is that the record should be supplemented by accounting reports submitted to the master but not made a part of the record and not filed in this court until five days before the case was submitted for consideration on abstracts and briefs already filed. It is an appellant's responsibility to see that the complete record is filed in a timely manner in this court. *See Finley* v. *State,* 281 Ark. 38, 661 S.W.2d 358 (1983); *Davis* v. *C & M Tractor Co.,* 2 Ark. App. 150, 617 S.W.2d 382 (1981). Our practice does not allow the appellant to obtain time for a supplemental brief based on matters filed too late and, in this instance, not shown to be relevant to the issues.

Affirmed.