**George E. BROWN, Appellant,**

v.

**Susan Aynesworth DYER, Appellee.**

Nos. 81–1257, 81–1465.

District of Columbia Court of Appeals.
Argued July 26, 1983.
Decided March 27, 1985.

Richard Camaur, Burke, Va., for appellant.

James L. Rider, Washington, D.C., with whom Gary A. Stein, Washington, D.C., was on brief, for appellee.

Before PRYOR, Chief Judge, and NEBEKER and TERRY, Associate Judges.

TERRY, Associate Judge:

Appellant challenges a decision by the Family Division of the Superior Court awarding to appellee arrearages due and owing under a Texas divorce decree and support order. Appellant presents numerous claims of error, including the assertion that the Superior Court lacked subject matter jurisdiction over the case. Finding no merit in any of these arguments, we affirm the judgment.

## I

The parties were married in 1957 and had three children before their divorce in 1974. Prior to the divorce, the parties executed a property settlement agreement which was later incorporated into the divorce decree. As part of the settlement, appellant agreed "to pay the reasonable private school expenses for Donnella Aynesworth Brown as shall become necessary." Both parties were domiciled in Texas from the time of their marriage until their divorce.

Appellee remarried in 1977 and moved to The Hague, Netherlands, with her three daughters, whom she enrolled at the American School in The Hague. Appellant, however, refused to pay tuition for his youngest daughter, Donnella, insisting that she be educated at a Dutch public school.

In 1981 appellee brought suit in the Family Division of the Superior Court against her former husband, who by then had become a District of Columbia resident, seeking to enforce the tuition provision of the property settlement agreement. Appellant filed a counterclaim, seeking damages for the denial of his visitation rights resulting from appellee's move to the Netherlands. After a lengthy trial which included testimony from several expert witnesses, the

court took the case under advisement. In its findings of fact and conclusions of law, filed several weeks later, the court ruled that Donnella's private school tuition was a reasonable and necessary expense and that appellant was legally obligated to pay it. Finding that appellant had failed to contribute towards his daughter's tuition since 1977, the court awarded appellee $11,332.50 in arrearages and $2,000 in attorney's fees. Appellant's motion to alter or amend the judgment was subsequently denied.

## II

■ Appellant's claim that the Superior Court lacked subject matter jurisdiction is plainly without merit. D.C.Code § 16–916(a) (1981) provides that an action for support may be brought in the District "whenever any parent shall fail or refuse to maintain his or her children by a marriage since dissolved...." Furthermore, D.C.Code § 11–1101(3) (1981) specifically states that the Family Division shall have exclusive jurisdiction over all "actions to enforce support of any person as required by law...." We have held that this exclusive jurisdiction extends to the enforcement of support obligations under foreign divorce decrees. *Rodenberg v. Rodenberg,* 213 A.2d 510 (D.C.1965); *see Thomason v. Thomason,* 107 U.S.App.D.C. 27, 274 F.2d 89 (1959); *cf. Phelps v. Williams,* 192 A.2d 805 (D.C.1963). There is no requirement under section 16–916 that a party seeking such support be domiciled in the District. *Skiff v. Skiff,* 277 A.2d 284 (D.C.1971).

Appellant argues, however, that because appellee styled her suit as an action for breach of contract, she is barred from suing on the property settlement agreement because that agreement was incorporated into the final divorce decree. While appellant correctly states the relevant principle of law,[1] it is of no help to him; indeed, it undermines his argument.

■ The mere fact that appellant characterized her case as an action for breach of contract rather than for support is not binding on either this court or the trial court, nor is it fatal to her claim for relief. Modern rules of procedure have greatly relaxed the strict pleading requirements of former years. Under Super.Ct.Civ.R. 8(a)(2), all that a plaintiff seeking a judgment must provide in a complaint is "a short and plain statement of the claim showing that the pleader is entitled to relief...." Appellee fully complied with this rule. Her complaint made clear that she was suing for past support payments due under the property settlement agreement and the divorce decree. Since appellant received ample notice of the nature and subject matter of her claim, the fact that she may have mislabeled it is immaterial.

We conclude in any event that appellee's suit should be construed as an action for child support rather than one for breach of contract, regardless of how she styled it. As appellant points out, no contract remained in existence once the property settlement agreement had been incorporated into the divorce decree. The only basis for the suit, therefore, was appellant's statutory and common law duty to support his minor child.[2] The settlement agreement served merely as evidence of the amount of support that appellant was obligated to pay. Thus we hold that the Family Division of the Superior Court had jurisdiction under D.C.Code § 11–1101(3) over the subject matter of appellant's claim.

## III

Appellant's remaining assignments of error may be briefly treated.

■ First, appellant argues that the trial court erred in denying his motion for leave to amend his answer by adding a

---

1. "Incorporation of the agreement causes it to lose its contractual nature...." *Grand v. Grand,* 163 A.2d 556, 557 (D.C.1960); *cf. Lanahan v. Nevius,* 317 A.2d 521 (D.C.1974) (enforcing settlement agreement which was not incorporated into divorce decree).

2. *See* D.C.Code § 16–916(a), (c) (1981); *Prager v. Smith,* 195 A.2d 257 (D.C.1963).

claim that the statute of limitations had run. Since the motion was not filed until after final judgment was entered,[3] leave to amend was discretionary in the court under Super.Ct.Civ.R. 15(b). The exercise of discretion either way in ruling on a motion to amend will not be disturbed on appeal absent a clear showing of abuse. *Foman v. Davis,* 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962); *Gordon v. Raven Systems & Research, Inc.,* 462 A.2d 10, 13–14 (D.C.1983); *Moore v. Moore,* 391 A.2d 762 (D.C.1978). Contrary to appellant's assertion here, the record reveals that the statute of limitations was neither explicitly nor implicitly raised at trial. *Compare Moore v. Moore, supra.* On this record we find no abuse of discretion in the denial of the motion for leave to amend the answer.

■ Appellant also contends that the trial court erred in rejecting his defense that appellee's suit was barred by laches. In order to invoke the doctrine of laches, however, a party must demonstrate both undue delay by the plaintiff and prejudice to the defendant resulting from the delay. *Padgett v. Padgett,* 472 A.2d 849 (D.C. 1984); *Martin v. Carter,* 400 A.2d 326, 329 (D.C.1979); *King v. Kitchen Magic, Inc.,* 391 A.2d 1184, 1187–1188 (D.C.1978); *Gull Airborne Instruments, Inc. v. Weinberger,* 224 U.S.App.D.C. 272, 277–279, 694 F.2d 838, 843–844 (1982). Appellant has met neither requirement. Nowhere has he made any showing that he was prejudiced by appellee's delay in filing suit. Nor can we say that the delay was undue, considering the difficulty of enforcing a support order while living in a foreign country, the comparative shortness of the delay (only three and a half years from the first missed payment), and the fact that appellee had already tried to collect the arrearage in Texas before filing suit in the District of Columbia.[4] In *Amidon v. Amidon,* 280 A.2d 82 (D.C.1971), on which appellant relies, a claim of laches was upheld because the wife "had the opportunity to enforce her claim but failed to do so within a reasonable time, seven years, and ... [the husband] had relied to his detriment on her failure to take action." *Id.* at 84. The facts of this case are not comparable. We therefore hold that the trial court did not abuse its discretion in refusing to accept appellant's defense of laches.

■ We also agree with the trial court that appellant was not entitled to damages for the cost of visiting his children in the Netherlands. Courts generally deny credit or reimbursement for expenditures made by the non-custodial parent beyond the scope of the support agreement. *See, e.g., Hammond v. Hammond,* 76 U.S.App.D.C. 357, 131 F.2d 351 (1942), *cert. denied,* 318 U.S. 770, 63 S.Ct. 763, 87 L.Ed. 1141 (1943); *Soltow v. Soltow,* 47 A.D.2d 652, 364 N.Y. S.2d 28 (1975); *Ex parte Holloway,* 490 S.W.2d 624 (Tex.Civ.App.1973). In *Glover v. Glover,* 268 Ark. 506, 598 S.W.2d 736 (1980), the Arkansas Supreme Court refused to allow a father to recover the cost of air travel he paid for his children to visit him during their vacation, on the ground that there was no provision in the support agreement covering such expenses, nor was the mother, who had custody, restrained in any way from relocating with her children. We find the reasoning in *Glover* persuasive and adopt it here.

---

3. Judgment was entered on September 4, 1981; the motion to amend was filed on September 15, eleven days later.

4. Appellee's suit in Texas was dismissed for reasons undisclosed by the record.

■ Finally, appellant challenges the trial court's conclusion that he was obligated to pay for his daughter's private school education at the American School in The Hague. The evidence in support of that ruling was not only persuasive but overwhelming.[5] The court committed no error in ordering the tuition payments.

*Affirmed.*

5. There were many factors which made Donnella Brown's attendance at the American School reasonable. Donnella spoke no Dutch and was therefore ill-suited for a Dutch public school. Her two older sisters attended the American School, as did most of the children of American foreign service officers stationed in the Netherlands. In addition, Donnella needed the help of a speech therapist and a remedial reading program, both of which were available only at the American School. The parties had always enrolled their children in private schools when living abroad, and the tuition at the American School was comparable to that of private schools in the United States. Finally, and most compellingly, the plain language of the settlement agreement provided for the payment of private school expenses by appellant.