**INA FAITH KELMAN, Plaintiff**

v.

**SANFORD KELMAN, Defendant**

Family No. D188/84

Territorial Court of the Virgin Islands

Div. of St. Thomas and St. John

May 15, 1985

INA FAITH CAMPBELL, ESQ., St. Thomas, V.I., *pro se*

ANDREW CAPDEVILLE, ESQ., St. Thomas, V.I., *for defendant*

FEUERZEIG, *Judge*

## MEMORANDUM OPINION

The court is required to determine whether the plaintiff is entitled to interest on child support arrears, and, if so, whether her claim is barred by laches. The court concludes that the plaintiff's claim is both valid and timely.

### I.

By an October 25, 1972 divorce decree, the defendant Sanford Kelman was ordered by the District Court of the Virgin Islands to pay child support of $200 per month. Mr. Kelman quickly fell behind in his payments and the Government of the Virgin Islands moved to hold him in contempt. In lieu of finding him in contempt, Judge Eileen R. Petersen, sitting as a district court judge by designation, on April 23, 1975 found Mr. Kelman $3,700 in arrears and granted Ina Campbell[1] a judgment in that amount. Mr. Kelman did not pay the judgment until September 12, 1983, and Mrs. Campbell

---

[1] Mrs. Kelman by the time of the April 23, 1975 hearing remarried. She now goes by the name Ina Campbell.

now seeks interest on the $3,700 from the date of the 1975 judgment until it was paid.

## II.

Mrs. Campbell bases her claim on 5 V.I.C. § 426 (1984 Supp.), which states:

> The rate of interest on judgments and decrees for the payment of money shall be 9 percent per annum.

The April 23, 1975 judgment clearly was for the payment of money; therefore, section 426 applies.

■ Mr. Kelman's only argument for exempting child support arrears from the statute's coverage is that "child support is substantially different from transactions in which one could normally expect to pay interest." He offers no case or statutory support for this contention,[2] nor has the court's independent research disclosed any support for his position. In fact, the court's research indicates that interest may be recovered on child support arrears. Moreover, this court has held that interest is recoverable for arrears in child support. Watlington v. Canton, 18 V.I. 204, 209 (Terr. Ct. 1982) (drawing an analogy between support arrears and alimony arrears, where interest generally has been allowed). Other courts have reached the same conclusion. E.g., Sutton v. Leib, 199 F.2d 163 (7th Cir. 1952); Finley v. Finley, 410 N.E.2d 12 (Ill. 1980); Loomis v. Loomis, 255 S.W.2d 671 (Ark. 1953), and Burke v. Burke, 255 P.2d 740 (Colo. 1953). Consequently, the court can find no justifiable reason for distinguishing child support awards from other types of judgments in awarding statutory interest.

## III.

Mr. Kelman next argues that even if child support arrears do bear interest, Mrs. Campbell's claim should be barred by laches. The court disagrees.

This issue is controlled by the Restatement of Restitution § 148 (1937). 1 V.I.C. § 4 (1967)[3] and Brandy v. Brandy, 21 V.I. 267 (Terr. Ct. 1985). Section 148 provides:

---

[2] Defendant's Memorandum of Law in Opposition to Assessment of Interest.

[3] Title 1 V.I.C. § 4 (1967) provides:
> The rules of the common law, as expressed in the restatements of the law approved by the American Law Institute, and to the extent not so expressed, as generally understood and applied in the United States, shall be the rules of deci-

309

(1) In proceedings in equity, a person otherwise entitled to restitution is barred from recovery if he has failed to bring or, having brought has failed to prosecute, a suit for so long a time and under such circumstances that it would be inequitable to permit him now to prosecute the suit.

██ For a claimant's delay to be inequitable it must have been unreasonable and must have caused a hardship to the debtor. Id. Comment a. Mr. Kelman's failure to pay child support has been a continuing problem, one that Mrs. Campbell repeatedly brought to the court's attention.[4] The parties appeared in court on numerous occasions since the 1975 judgment, particularly during the period immediately after the judgment was rendered. On all occasions, Mrs. Campbell referred to her claim for the $3,700 due under the judgment as well as new claims for current support. Since she encountered such difficulty in getting Mr. Kelman to pay his obligation of $200—which was reduced on July 6, 1977 to $130 per month—Mrs. Campbell reasonably may have believed it was impossible to compel him to pay $3,700 in arrears. In fact, she secured payment of the judgment only by placing a lien on Mr. Kelman's property. Under these circumstances, the court cannot find that Mrs. Campbell's delay was unreasonable.

The court also cannot find that her delay will cause Mr. Kelman hardship. Mr. Kelman claims that had he known he would be assessed interest on his arrears, he might very well have paid them earlier just "to keep the interest at a manageable level." This argument only begs the question. If he was able to pay his arrears earlier, why didn't he? He knew he had an obligation to do so. Yet, the record is void of Mrs. Campbell taking any action that would permit Mr. Kelman reasonably to assert that he was led to believe that he had been released from that obligation. In fact, Mrs. Campbell not only secured a judgment against him for that obligation but has continued to assert it through the years. Moreover, Mr. Kelman has enjoyed the use and benefits of that $3,700 for at least 10 years. Conversely, Mrs. Campbell has been denied the use of that money for the same period.

---

sion in the courts of the Virgin Islands in cases to which they apply, in the absence of local laws to the contrary.

[4] See, e.g., The order of February 28, 1977 finding Mr. Kelman in contempt and in arrears $1,055 due to his failure to make payments between September of 1976 and January of 1977, and the order of August 21, 1984 granting Mrs. Campbell a judgment of $1,190.00 for unpaid child support between July of 1983 and August 1, 1984.

■ Interest represents an attempt to have Mr. Kelman pay the true value of what he owes Mrs. Campbell. It is intended as neither a bonus to her nor a penalty to him. Interest merely will confer on Mrs. Campbell *approximately* the same benefits she would have enjoyed had the debt been paid on time. Accordingly, Mr. Kelman cannot reasonably claim that Mrs. Campbell's delay caused him hardship.[5]

■ Those courts that have denied interest because of laches have done so only where the claimant acted so as to lead the debtor to believe his duty of support had terminated. For example, in Atwater v. Atwater, 18 Ill.App.3d 202, 309 N.E.2d 632 (1974), the husband believed the wife's remarriage terminated his duty of support and he stopped paying from that moment. His former wife appeared to acquiesce and did not seek support for many years after her remarriage. In Sutton v. Leib, supra, the wife not only did not seek support, but her attorney wrote letters to the ex-husband suggesting she would not be seeking it. As noted, Mrs. Campbell's actions permit no such conclusion. In fact, the opposite is the case. Therefore, her claim for interest should not be barred by laches.

## IV.

One final point deserves mentioning. In Watlington v. Canton, supra, this court held that it would calculate interest on unpaid support installments from the date each installment became due, but would do so only prospectively. In this case Mrs. Campbell seeks interest only from the date of the 1975 judgment.

■ Since she has asked for interest only since 1975 and since almost all of the period in which support remained unpaid predates Watlington, the court will award Mrs. Campbell interest solely from April 23, 1975, the date the judgment was entered, until the judgment was paid.

---

[5] Indeed, the court takes judicial notice of the fact that during the almost 10 year period that the judgment remained unpaid, the rate of inflation has averaged 8.17 per cent annually, reaching 13.52 per cent in 1980. U.S. Department of Labor, Bureau of Labor Statistics, Consumer Price Index (Urban), Monthly Labor Review. Consequently, even after paying the statutory interest to Mrs. Campbell, Mr. Kelman still will enjoy some of the benefits of his delay.

## ORDER

The court having this day entered a memorandum opinion in which it determined that the plaintiff is entitled to interest on child support arrears of $3,700 at 9% per annum, it is

ORDERED that Ina Faith Campbell have judgment against Sanford Kelman in the amount of $2,791.73.